IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| FIRST RIVER ENERGY, LLC,[1] | § § | Chapter 11 |
| Debtor. | § § § | Bankruptcy Case No. 18-50085 |

| | | |
|---|---|---|
| FIRST RIVER ENERGY, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 19-0____-cag |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP, | § § § § | |
| Defendant. | § § | |

## COMPLAINT

First River Energy, LLC (the "Debtor"), through its undersigned counsel, brings this complaint (the "Complaint") to avoid and recover transfers, and for related relief, under §§ 547, 550, and 502(d) of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor alleges:

### NATURE OF THE CASE

Debtor seeks to avoid and recover from Defendant, or any other person or entity for whose benefit the Avoidable Transfers were made, all transfers of property that occurred within the ninety day period prior to the Petition Date. To the extent that Defendant filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated and not contingent, or otherwise

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: First River Energy, LLC (9656). The mailing address for the Debtor, solely for purposes of notices and communications, is 1862 W. Bitters Rd, Suite 300, San Antonio, TX 78248.

1

**PREFERENCE COMPLAINT – QUINN EMANUEL**

requested payment from the Debtor or its chapter 11 estate, this complaint is not intended to be, nor should be construed as, a waiver of Debtor's right to object to such claims for any reason, including pursuant to § 502 of the Bankruptcy Code, and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to § 502 of the Bankruptcy Code is sought by Debtor herein as further stated below.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under the Bankruptcy Code, and arises in and relates to a case in the United States Bankruptcy Court for the Western District of Texas, case number 18-50085, under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Complaint are §§ 547, 550 and 502(d) of the Bankruptcy Code and the Federal Rule of Bankruptcy Procedure 7001(1).

## BACKGROUND

**Pre-Petition Payments to the Defendant**

5. On information and belief, the defendant Quinn Emanuel Urquhart & Sullivan, LLP (the "Defendant") is a business entity organized under the laws of California with its principal place of business in Los Angeles.

6. During the ninety-day period preceding the Petition Date, between October 14, 2017 and January 12, 2018 (the "Preference Period"), the Debtor continued to operate its business affairs. In doing so, the Debtor transferred property, either by checks, cashier's checks, wire transfers, direct deposit, or otherwise to the Defendant and other entities.

7. Specifically, the Debtor made during the Preference Period one or more transfers of an interest of the Debtor in property to the Defendant totaling at least $292,206.83 (the "Avoidable Transfers"). The transfers in question are more specifically identified in <u>Exhibit A</u> attached to this Complaint and incorporated here by reference.

## **COUNT I**
### **Avoidance of Avoidable Transfers Under 11 U.S.C. § 547(b)**

8. The Debtor incorporates paragraphs 1-7 as if fully realleged here.

9. The Debtor made the Avoidable Transfers to the Defendant during the Preference Period.

10. The Defendant was a creditor of the Debtor within the meaning of § 101(10)(A) of the Bankruptcy Code at the time of each of the Avoidable Transfers.

11. The Avoidable Transfers made by the Debtor were transfers of an interest of the Debtor in property consisting of payments totaling at least $292,206.83.

12. Each Avoidable Transfer was made to or for the benefit of the Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because each Avoidable Transfer either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

13. Each Avoidable Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Avoidable Transfer was made.

14. Each Avoidable Transfer was made on or within ninety days before the Petition Date.

15. Each Avoidable Transfer enabled the Defendant to receive more than the Defendant would have if: (a) the Debtor's case was initiated under chapter 7 of the Bankruptcy Code; (b) the Avoidable Transfers had not been made; and (c) the Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

16. Accordingly, the Debtor may avoid the Avoidable Transfers under § 547 of the Bankruptcy Code.

## COUNT III
### Recovery of Avoidable Transfers Under 11 U.S.C. § 550

17. The Debtor incorporates paragraphs 1-16 as if fully realleged here.

18. The Defendant was either (i) the initial transferee of the Avoidable Transfers; (ii) the entity for whose benefit the Avoidable Transfers were made; or (iii) an immediate or mediate transferee thereof.

19. The Debtor may under § 550 of the Bankruptcy Code recover the Avoidable Transfers, or the value of the Avoidable Transfers, from the Defendant or any mediate or immediate transferee upon the avoidance of the Avoidable Transfers under §§ 547 of the Bankruptcy Code.

20. Accordingly, the Debtor may recover from the Defendant the Avoidable Transfers, or the value of the Avoidable Transfers, under § 550 of the Bankruptcy Code.

## COUNT IV
### Disallowance of Claims Under 11 U.S.C. § 502(d)

21. The Debtor incorporates paragraphs 1-20 as if fully realleged here.

22. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under §§ 544, 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

23. The Defendant is the transferee of the Avoidable Transfers.

24. The Defendant has, or may claim to have, a claim or claims against the Debtor's estate.

25. The Defendant has neither paid nor surrendered the Avoidable Transfers or the value of the Avoidable Transfers to the Debtor.

26. The Debtor objects to any and all claims of the Defendant including, without limitation, all pre-petition and post-petition claims under § 502(d) of the Bankruptcy Code.

27. Accordingly, the Debtor is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until the Defendant returns all amount due to the Debtor's estate, and any other separately filed objections to such claims are resolved as provided by § 502(d) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

28. The Debtor reserves the right to bring any and all other causes of action it may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, and to the extent discovery is necessary in this action or further investigation by the Debtor reveals such other causes of action.

## RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that the Court enter judgment in its favor and against the Defendant, granting the following relief:

A. Avoidance of the Avoidable Transfers under § 547 of the Bankruptcy Code;

B. Recovery from the Defendant of an amount equal to the value of the Avoidable Transfers under § 550 of the Bankruptcy Code;

C. Disallowance of any and all claims filed by the Defendant under § 502(d) of the Bankruptcy Code;

D. An award to the Debtor of prejudgment interest at the legally allowable rate;

E. An award to the Debtor of costs and expenses of this suit; and

F.   Any other further relief the Court deems appropriate under the circumstances.

Respectfully submitted January 10, 2020.

> THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
> 66 Granburg Circle San
> Antonio, Texas 78218
> Telephone (210) 601-9405
> Email: rbattaglialaw@outlook.com
>
> By:  /s/  Raymond W. Battaglia
>         Raymond W. Battaglia
>         Texas Bar No. 01918055
>
> PROPOSED SPECIAL COUNSEL FOR THE
> DEBTOR IN POSSESSION

**Exhibit A**
Preference Payments

| Date | Payment |
|---|---|
| 11/10/2017 | $ 42,813.09 |
| 11/30/2017 | $ 69,455.26 |
| 01/10/2018 | $ 179,938.48 |
| Total: | $ 292,206.83 |